Anna Y. Park, SBN 164242
Sue J. Noh, SBN 192134
Rumduol Vuong, SBN 264392
Nakkisa Akhavan, SBN 286260
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
E-Mail: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>AT&T PACIFIC BELL TELEPHONE COMPANY, and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT—ADA**<br>• **Failure to Engage in the Interactive Process**<br>• **Failure to Accommodate**<br>• **Benefits and Privileges of Employment** |

## NATURE OF THE ACTION

　　This is an action under the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendment Act of 2008 ("ADAAA"), to correct unlawful employment practices based on disability and to provide appropriate relief to Charging Party Daniel Manning ("Charging Party" or "Manning") who was adversely affected by such practices. As set forth with greater particularity in paragraphs 17 to 23 of this Complaint, Plaintiff United States Equal

Employment Opportunity Commission ("Plaintiff" or "Commission") alleges that Defendant AT&T Pacific Bell Telephone Company ("AT&T Pacific Bell") and DOES 1-10 (collectively, "Defendants") failed to engage in the interactive process, denied Charging Party Daniel Manning a reasonable accommodation, and subjected him to different terms, conditions, and privileges of employment on the basis of his disability in violation of Section 102 of the ADA, 42 U.S.C. §12112.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and Section 107(a) of the ADA, 42 U.S.C. §12117(a) (incorporating the powers, remedies, and procedures set forth in Sections 706 of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5, into ADA enforcement actions).

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of California.

## PARTIES

3. Plaintiff is an agency of the United States of America charged with the administration, interpretation and enforcement of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference § 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant AT&T Pacific Bell has continuously been doing business in the City of Fresno, County of Fresno.

5. At all relevant times, AT&T Pacific Bell has continuously been a corporation doing business in the State of California, and continuously had at least 15 employees.

6. All acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency

1 and/or employment, and each Defendant participated in, approved and/or ratified the unlawful
2 acts and omissions by the other Defendants complained of herein.  Whenever and wherever
3 reference is made in this Complaint to any act by a Defendant or Defendants, such allegations
4 and reference shall also be deemed to mean the acts and failures to act of each Defendant acting
5 individually, jointly, and/or severally.

6     7.     Plaintiff is ignorant of the true names and capacities of each defendant sued as
7 DOES 1 through 10, inclusively, and therefore Plaintiff sues said defendants by fictitious names.
8 Plaintiff reserves the right to amend the complaint to name each DOE defendant individually or
9 corporately as it becomes known. Plaintiff alleges that each DOE defendant was in some manner
10 responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to
11 allege such responsibility when the same shall have been ascertained by Plaintiff.

## STATEMENT OF CLAIMS

13     8.     More than thirty days prior to the institution of this lawsuit, Charging Party
14 Manning filed a charge of discrimination with Plaintiff alleging violations of the ADA by
15 Defendant AT&T Pacific Bell.

16     9.     Subsequent to Manning's filing of the charge of discrimination, the Commission
17 investigated his allegations against Defendant AT&T Pacific Bell.

18     10.     On December 30, 2016, the Commission issued to Defendant AT&T Pacific Bell
19 a Letter of Determination finding reasonable cause to believe that Defendant AT&T Pacific Bell
20 had violated the ADA and inviting Defendants to join with the Commission in informal methods
21 of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate
22 relief.

23     11.     On January 9, 2017, the Commission issued an Amended Letter of Determination
24 correcting an error in Charging Party's name.

25     12.     The Commission engaged in communications with Defendants to provide
26 Defendants the opportunity to remedy the discriminatory practices described in the Letter of
27 Determination.

28     13.     The Commission was unable to secure from Defendants a conciliation agreement

acceptable to the Commission.

14. On July 7, 2017, the Commission issued to Defendants a Notice of Failure of Conciliation.

15. All conditions precedent to the institution of this lawsuit have been fulfilled.

16. Charging Party Daniel Manning is disabled within the meaning of the ADA due to having an actual impairment (deafness). Charging Party's primary language is sign language. Due to his impairment, Charging Party is substantially limited in several major life activities including, but not limited to, hearing.

17. Since at least 2015, Defendants have engaged in unlawful employment practices in violations of Section 102 (a) and (b) of ADA, 42 U.S.C. § 12112 (a) and (b). More specifically, Defendant discriminated against Charging Party based on disability when it failed to engage in the interactive process with him and failed to provide him with a reasonable accommodation.

18. In 1999, Charging Party Manning began working for Defendant as an office associate. In 2000, Charging Party Manning took the position of Engineering Administrator, which he has held since. Charging Party Manning is currently employed by Defendant AT&T Pacific Bell.

19. Charging Party Manning first requested an interpreter in 2005, but his request was denied. Since at least 2013, Charging Party Manning has continued to make requests for a sign language interpreter.

20. Defendant's AT&T Integrated Disability Service Center, managed by third party vendor Sedgwick Claims Management Service, has found Charging Party Manning's request for a sign language interpreter medically supported.

21. Nonetheless, Defendant refused to provide Charging Party Manning a sign language interpreter.

22. Instead, Defendant's managers continued providing the ineffective "accommodation" of standing close to Charging Party Manning during meetings so he could attempt to read their lips and providing cursory written notes explaining the contents of the

meetings after the fact.

23. Defendant's refusal to provide the reasonable accommodation of a sign language interpreter denied Charging Party Manning the privileges and benefits of employment afforded to his hearing co-workers.

24. The effect of the practices complained of in paragraphs 17 to 23 above has been to deprive Charging Party Manning of equal employment opportunities, privileges and benefits of employment, and otherwise adversely affects his status as an employee because of his disability.

25. The unlawful employment practices complained of in paragraph 17 to 23 above were intentional and caused Charging Party Manning to suffer emotional distress.

26. The unlawful employment practices complained of in paragraphs 17 to 23 above were and are done with malice or with reckless indifference to the federally protected rights of Charging Party Manning.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with each of them, from engaging in any employment practices which discriminate based on disability.

B. Order Defendants to institute and carry out policies, practices, and programs to ensure that they would not engage in unlawful employment practices in violation of § 102(a) and (b), 42 U.S.C. § 12112(a) and (b).

C. Order Defendants to make whole Charging Party Daniel Manning by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to back pay.

D. Order Defendants to make Charging Party Daniel Manning whole by providing compensation for past and future pecuniary losses, including but not limited to out-of-pocket

expenses suffered by him which resulted from the unlawful employment practices described above in the amounts to be determined at trial.

E. Order Defendants to make Charging Party Daniel Manning whole by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above in amounts to be determined at trial. The non-pecuniary losses include emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial.

F. Order Defendants to pay Charging Party Daniel Manning punitive damages for their malicious and/or reckless conduct in an amount to be determined at trial.

G. Award the Commission its costs of this action.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: August 7, 2017                    Respectfully Submitted

JAMES LEE,
Acting General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 "M" Street, N.E.
Washington, D.C. 20507

By: _____
ANNA Y. PARK,
Regional Attorney,
Los Angeles District Office
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION