Anna Y. Park (SBN 164242)
Sue J. Noh (SBN 192134)
Nakkisa Akhavan (SBN 286260)
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 894-1083
Facsimile:  (213) 894-1301
E-Mail:  lado.legal@eeoc.gov
Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

JAN E. EAKINS (SBN 100612)
janeakins@paulhastings.com
PAUL HASTINGS LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, California 90071-2228
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705
Attorneys for Defendant
PACIFIC BELL TELEPHONE COMPANY
(Erroneously Named as AT&T Pacific Bell Telephone Company)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) Case No.: 1:17-CV-01059-LJO-EPG |
| | ) |
| | ) |
| Plaintiff, | ) **CONSENT DECREE;** |
| v. | ) **ORDER** |
| | ) |
| AT&T PACIFIC BELL TELEPHONE COMPANY, and Does 1-10, inclusive, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

1

# I.

## **INTRODUCTION**

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or "Plaintiff") and Defendant Pacific Bell Telephone Company ("Pacific Bell" or "Defendant") hereby stipulate and agree to entry of this Consent Decree (the "Decree") to fully and finally resolve Plaintiff's complaint against Defendant in U.S. Equal Employment Opportunity Commission v. AT&T Pacific Bell Telephone Company, and Does 1-10, inclusive; Case No. 1:17-CV-01059-LJO-EPG (the "Action").

On August 8, 2017, Plaintiff filed this Action in the United States District Court, Eastern District of California, for violation of the Americans with Disabilities Act of 1990 ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"). The Action alleged that Defendant discriminated against Charging Party Daniel Manning ("Charging Party" or "Mr. Manning") on the basis of disability (deafness), denied him equal terms and conditions of employment, failed to engage in the interactive process, and failed to provide a reasonable accommodation. Pacific Bell denies the EEOC's allegations and denies liability, and nothing in this Decree shall be construed as an admission of wrongdoing or liability by Defendant.

# II.

## **PURPOSES AND SCOPE OF THE CONSENT DECREE**

A.     The EEOC and Defendant (collectively, the "Parties") agree that this Action should be fully and completely resolved by entry of this Consent Decree prior to trial or adjudication of any issue of fact or law. The Decree is made and entered into by and between the EEOC and Pacific Bell and shall be binding on and enforceable against Pacific Bell as well as its agents, successors and assigns. Pacific Bell shall not implement any policies, procedures, and/or practices at Pacific Bell which violate this decree and/or the ADA as amended.

B.     The Parties have entered into this Decree for the following purposes:

1.     To provide appropriate monetary and injunctive relief;

2.     To ensure Defendant complies with federal law in reasonably accommodating Daniel Manning;

/ / /

3. To ensure Defendant's employment practices comply with the ADA, as amended by the ADAAA;

4. To ensure a work environment free from disability discrimination, especially as it relates to reasonable accommodation of hard of hearing and deaf employees;

5. To provide training to Mr. Manning's immediate supervisor, that individual's supervisor, and the Human Resources employee assigned to meet with Mr. Manning, including reasonable accommodation training and information on deafness and deaf culture as well as additional information regarding deafness and hearing impairments in the workplace as set forth in this Decree;

6. To ensure training in disability discrimination including, but not limited to, the interactive process and reasonable accommodations for hard of hearing and deaf employees;

7. To ensure appropriate record keeping, reporting, and monitoring; and

8. To resolve this dispute without the burden, expense, and delay of further litigation.

### III.

### RELEASE OF CLAIMS

A. This Decree fully and completely resolves the Action, including all issues, claims and allegations raised by the EEOC against Pacific Bell in this Action, as well as those raised by Charging Party Daniel Manning in EEOC Charge No. 485-2015-00177.

B. Nothing in this Decree shall be construed to limit or reduce Pacific Bell's obligation to comply fully with the ADA, ADAAA, and/or any other federal employment statute.

C. Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that any party fails to perform the promises and representations contained herein.

D. This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Pacific Bell in accordance with standard EEOC procedures.

/ / /

/ / /

/ / /

3

**IV.**

**JURISDICTION**

A.      The Court has jurisdiction over the Parties and the subject matter of this litigation, and will retain jurisdiction during the duration of this Consent Decree.

B.      The Action asserts claims that, if proven, would authorize the Court to grant the equitable relief set forth in this Decree.  The terms and provisions of this Decree are fair, reasonable, and just.  This Decree conforms with the Federal Rules of Civil Procedure and the ADA/ADAAA and is not in derogation of the rights or privileges of any person.

C.      The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to implement the relief provided herein.

**V.**

**EFFECTIVE DATE AND DURATION OF DECREE**

A.      The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court (the "Effective Date").

B.      Except as otherwise provided herein, this Decree shall remain in effect for two (2) years after the Effective Date (the "Term").

**VI.**

**MODIFICATION AND SEVERABILITY**

A.      This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.  No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B.      If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments in order to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

C.      By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions herein.

4

# VII.

## COMPLIANCE AND DISPUTE RESOLUTION

A.     The Parties expressly agree that if the EEOC has reason to believe that Pacific Bell has failed to comply with any provision of this Consent Decree, the EEOC may bring a motion before this Court to enforce the Decree.  Prior to initiating such motion, the EEOC will notify Pacific Bell and its legal counsel of record, Jan E. Eakins, in writing, of the nature of the dispute.  This notice shall specify the particular provision(s) that the EEOC believes Pacific Bell has breached.  Pacific Bell shall have thirty (30) days to attempt to resolve or cure the alleged breach. The parties may agree to extend this period upon mutual consent.

B.     The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC notice.

C.     After forty-five (45) days have passed, inclusive of the thirty (30) days to resolve or cure the breach, if the Parties have reached no resolution or agreement to extend the time further, the EEOC may move this Court for resolution of the dispute, seeking all available relief, including an extension of the Term of the Decree for such period of time as the EEOC proves Defendant is in breach of the Decree, and/or any other relief the Court deems appropriate.

# VIII.

## MONETARY RELIEF

A.     In settlement of this lawsuit, Defendant Pacific Bell will pay a total of Fifteen Thousand Dollars ($15,000) (the "Settlement Amount") to Charging Party Daniel Manning to resolve this Action.  Within thirty (30) business days after the Effective Date, Defendant shall cause to be delivered directly to Mr. Manning a check for the entire Settlement Amount made payable to Daniel Manning.

B.     The EEOC has designated that this payment to Mr. Manning will be non-wage compensation; thus, no tax withholding shall be made.  Pacific Bell shall prepare and distribute 1099 tax reporting form(s), as required by law, and shall make any appropriate report(s) to the Internal Revenue Service and other tax authorities.  Defendant shall prepare and distribute a 1099 tax reporting form to Mr. Manning in the ordinary course of business.

/ / /

C.     Within ten (10) business days of the issuance of the settlement check to Daniel Manning, Pacific Bell shall submit a copy of the check and any related correspondence to Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012.

**IX.**

**GENERAL INJUNCTIVE RELIEF**

A.     Anti-Discrimination

Pacific Bell, its agents, successors, and assigns, or any of them, is enjoined not to discriminate against any qualified individual because of his or her disability, as required by law, including failing to provide reasonable accommodation to hard of hearing and/or deaf employees employed in California and/or denial of any benefit or privilege of employment provided to other similarly situated hearing employees on the basis of deafness.

B.     Retaliation

Pacific Bell, its agents, successors, and assigns, or any of them, is enjoined from retaliation against any current or former employee or applicant of Pacific Bell employed in California, because he or she has in the past, or during the Term of this Decree:

1.     Opposed any practice made unlawful under the ADA;

2.     Filed a charge of discrimination alleging such practice;

3.     Participated in any manner in an internal or external investigation or proceeding relating to this case or any claim of a violation of ADA;

4.     Was identified as a possible witness or claimant in this Action;

5.     Asserted any right under this Decree; or

6.     Sought and/or received any relief in accordance with this Decree.

/ / /

/ / /

/ / /

/ / /

/ / /

6

## X.

## CLAIMANT SPECIFIC RELIEF

To the extent that Mr. Manning makes any new requests for accommodation, Defendant will engage in the interactive process with Charging Party Daniel Manning in response to such requests and will ensure that effective reasonable accommodation continues to be provided so that Mr. Manning can perform the essential functions of his position and may enjoy equal benefits and privileges of employment as similarly situated hearing employees. The EEOC and Mr. Manning each understand and acknowledge that effective reasonable accommodation does not necessarily mean that Mr. Manning will be provided the specific accommodation requested.

A.    Provision of Sign Language Interpreter for Certain Meetings and/or Training

1.    Defendant agrees to provide a sign language interpreter at the following meetings and/or training sessions that Mr. Manning is required by Pacific Bell to attend:

a.    Live Training Sessions. Group training sessions provided in person by a live trainer (e.g., not web-based or other online training);

b.    Required Web-based or Other Online Training. An interpreter will be provided for any required web-based or online training provided by Defendant which includes spoken narration of any kind but does not have closed captioning. To the extent that Mr. Manning requires a sign language interpreter under this subsection, Defendant reserves the right to schedule any such training during consecutive periods in the same workday.

If Mr. Manning desires to access specific Company-provided web-based or online training that: (1) is not required, but (2) is available to be accessed by his similarly situated hearing co-workers, and (3) includes spoken narration that is not closed captioned, he must notify his supervisor of his request to access such training. Defendant will have thirty (30) business days after receipt of the request to provide the means for Mr. Manning to access such training.

c.    Staff Meetings. Staff and/or departmental meetings that Mr. Manning's entire peer group (Union-represented employees in the Engineering Administrator job title who work in Fresno, California) is required by Pacific Bell to attend;

/ / /

7

d.     <u>Meetings Regarding Alleged Adverse Employment Action</u>.  Scheduled meetings directly affecting Mr. Manning's job, such as, notification of office shut-down or relocation, elimination of his position/group, layoff/surplusage, disciplinary action, or specific deficiencies in his job performance.

2.     Defendant has entered into an agreement with the Deaf & Hard of Hearing Service Center, Inc. ("DHHSC") in Fresno, California, the most recent of which is dated January 23, 2017, to provide sign language interpreting services to Charging Party Daniel Manning, whose work location is in Fresno, California.  If DHHSC interpreters are unavailable for any of the above meetings for which an interpreter is required by this Decree, Defendant will attempt to locate another vendor in Fresno, California who provides sign language interpreters and document its efforts to provide an effective alternative interpreter.

3.     Defendant agrees that it will not use policies enforced by interpreting services regarding the number of interpreters required for the duration of the meeting or minimum hour requirements as a reason not to provide Mr. Manning with an interpreter.  Defendant also agrees that due to the difficulty in scheduling interpreters on short notice, it will make reasonable efforts to provide at least two weeks of notice for any meeting Mr. Manning is required to attend for which an interpreter is required by this Decree.

4.     If Defendant, for any reason, is unable to provide an interpreter for any of the above meetings for which an interpreter is required by this Decree, Defendant will notify Mr. Manning as soon as possible and will engage in the interactive process with Mr. Manning prior to the meeting to agree upon an alternative accommodation. The alternative accommodation will not be for Mr. Manning to attend the meeting via video relay while in his workspace.

5.     If Mr. Manning requests an interpreter for a situation that does not fall under the meetings and trainings provided for in this section, Defendant will consider the accommodation request.  Mr. Manning must make such a request to his immediate supervisor. Any decision to deny an interpreter and rationale for the decision shall be communicated to Mr. Manning in writing, including any alternative accommodation provided.

/ / /

**B.    Monthly Meetings Between Mr. Manning and His Supervisor**

An in-person meeting between Mr. Manning and his immediate supervisor will be scheduled by his supervisor for one hour each month during the Term of this Decree, if Mr. Manning expresses a desire that the meeting occur. Mr. Manning's supervisor will send an email to Mr. Manning two weeks ahead of each planned monthly meeting to inquire whether a meeting is desired, and Mr. Manning will respond within five (5) days of that email. The purpose of this monthly meeting generally is to discuss his job duties and give Mr. Manning an opportunity to raise any questions that may have arisen in the prior month or that he may have about his tasks for the coming month; provided, however, either Mr. Manning or his supervisor may raise any other job-related topics they deem appropriate during the allotted time for this monthly meeting. Defendant agrees to provide a sign language interpreter at each of these monthly meetings. The EEOC and Mr. Manning each understand and acknowledge that the meetings need not last as long as an hour if neither Mr. Manning nor his supervisor has any topics to discuss and both agree to end the meeting before the end of the scheduled hour.

**C.    Follow-Up Conference Calls With A Representative From Human Resources**

A representative from the Human Resources organization will be designated by Defendant to schedule a conference call with Mr. Manning at least once every three months during the Term of this Decree. The purpose of this conference call generally is to give Mr. Manning an opportunity to raise any questions he may have about any accommodation(s) provided to him by Defendant, but either Mr. Manning or the Human Resources representative may raise any other employment-related topics they deem appropriate. The EEOC and Mr. Manning each understand and acknowledge that the representative from the Human Resources organization will not be in Fresno, California, and thus the conference will be by telephone, not in person, and that a live sign language interpreter will not be provided. Instead, Mr. Manning will initiate the conference call using his Sorensen videophone so that sign language interpreter services will be provided through a video remote service.

/ / /

/ / /

/ / /

/ / /

D.    Review Of AUTS And CareerPath

Within thirty (30) business days of the Effective Date, Defendant will schedule a meeting with Mr. Manning and Company representative(s) designated by Defendant for the purpose of reviewing how to use AUTS and CareerPath.  AUTS is the collectively bargained Automated Upgrade and Transfer System (AUTS) regarding Union-represented job titles, and CareerPath is the system for current employees to explore non-Union job requisitions, if any.  Defendant agrees to provide a sign language interpreter for this meeting.

E.    Technology

Defendant will ensure its technology is consistent with specifications required for Mr. Manning's Sorenson Video Phone to work properly.

F.    Non-Retaliation

Defendant agrees that it will not retaliate against Mr. Manning for requesting accommodations (including asking for an interpreter), seeking assistance from the designated human resources employee, making complaints internally or externally, or seeking outside assistance such as from a job coach.

G.    All provisions in this section will continue to apply during the Term of the Decree regardless of whether Mr. Manning remains in his current position or changes positions and/or departments. To the extent Mr. Manning's supervisor changes, his new supervisor and that person's supervisor will be trained as provided for in Sections XI.A, XI.B, and XI.C.

**XI.**

**SPECIFIC INJUNCTIVE RELIEF**

A.    Information on Deafness and Deaf Culture

Within ten (10) business days of the Effective Date, the EEOC shall provide to Defendant's legal counsel of record, Jan E. Eakins, a list of vendors in the Fresno, California area who can provide information in person regarding deafness and deaf culture.  Defendant agrees that, within twenty (20) business days of receiving that list of vendors from the EEOC, Defendant will schedule a meeting of at least two (2) hours for one of the vendors to meet in person with Mr. Manning's immediate supervisor and that individual's supervisor, as well as the Human Resources employee assigned to meet with Mr. Manning (who may not be present in person and who may receive the information by video or telephone

at Defendant's discretion) to receive information regarding deafness, deaf culture, and technological advances relevant to the deaf community. These three individuals shall sign a written verification of having received the information from the vendor provided by the EEOC.

B.    Additional Information Regarding Deafness and Hearing Impairments in the Workplace

Within ten (10) business days of the Effective Date of this Decree, Defendant also agrees to provide Mr. Manning's immediate supervisor, that individual's supervisor, and the Human Resources employee assigned to meet with Mr. Manning with a copy of the EEOC's Questions and Answers about Deafness and Hearing Impairments in the Workplace and the Americans with Disabilities Act as found at https://www.eeoc.gov/eeoc/publications/qa_deafness.cfm ("Q&As"). These three individuals shall sign a written verification of having read these EEOC questions and answers.

C.    Training with Regard to Reasonable Accommodation

1.    Within one hundred eighty (180) days of the Effective Date of this Decree, Defendant shall provide the training described below to the following individuals:

(a)    all Pacific Bell managers who have direct reports;

(b)    all Human Resources employees with the job title of Employee Relations Manager; and

(c)    all Human Resources employees with the job title of Universal Leave Examiner.

2.    Pacific Bell's reasonable accommodation training shall consist of the following components:

(a)    The completion of the one (1) hour internal web-based training called "Job Accommodation Training for Supervisors," Course #60597823, which includes a description of the law prohibiting disability discrimination with specific and practical emphasis on engaging in the interactive process and determining a reasonable accommodation. This training is interactive in that it requires an individual taking the training to respond to questions that provide multiple choice answers relating to the prior training section as various sections of the training are completed, and informs the individual if his/her answer is correct (or if not, which answer is the correct answer), before going on to the next section. The training also informs persons taking the training of available resources where they can go for further information, including job accommodation information available online on HR One-Stop, and identifies persons to contact to answer job accommodation questions or provide additional guidance

on job accommodation; and

      (b)     The reading of the EEOC's publication called "Questions and Answers about Deafness and Hearing Impairments in the Workplace and the Americans with Disabilities Act" as found at https://www.eeoc.gov/eeoc/publications/qa_deafness.cfm.

      (c)     Then, not later than thirty (30) days prior to the expiration of the Decree, Defendant shall provide the same training to the same three categories of individuals described above ("refresher training").

D.     Record Keeping and Reporting

      1.     For the duration of this Consent Decree, Pacific Bell agrees to maintain records as are necessary to demonstrate its compliance with this Consent Decree, including all records regarding Mr. Manning's accommodations. Defendant will make the aforementioned records available to the EEOC for inspection and copying within twenty (20) business days following a written request by the EEOC to Defendant's counsel of record.

      2.     Within ninety (90) days of the Effective Date, Pacific Bell will provide to the EEOC, through Pacific Bell's counsel of record, the verification signed by the three individuals, as required by Sections XI.A and B. Within nine (9) months after the Effective Date, and after the refresher training thereafter, Pacific Bell will verify to the EEOC that the training required by XI.C has been conducted and all required employees completed the training.

      3.     For the duration of this Consent Decree, Pacific Bell will provide a semi-annual report to EEOC, through Defendant's counsel of record, which will be due thirty (30) days after the completion of each six (6) month period of the Term of the Decree, and will include the following:

      a.     A report of every instance, if any, in which an interpreter required pursuant to this Decree was not provided, including the reason(s) the interpreter was not provided, the date and duration of the event, and a brief description of the type of event (e.g., live training session). If the reason the interpreter was not provided was due to unavailability of an interpreter, the report will include which interpreting services were contacted and the dates on which contact was made;

/ / /

/ / /

12

b.      A report of every instance, if any, in which Mr. Manning requested an interpreter, but was not provided an interpreter where not required to do so, in accordance with this Decree, including: (1) the date of Manning's written request for an interpreter and the date and nature of the event and (2) the date of Defendant's written response and the reason(s) for the decision, including any alternative accommodation provided;

c.      Verification that the monthly meetings between Mr. Manning and his supervisor occurred during the reporting period and a summary of the meeting;

d.      Verification that the quarterly meetings between Mr. Manning and the Human Resources employee assigned to meet with Mr. Manning occurred during the reporting period and a summary of the meeting; and

e.      Each job Mr. Manning has applied to and the outcome of his application, including whether he was selected for the job and, if not, every reason he was not selected.

f.      Any communication provided to Mr. Manning by his supervisor, as set forth in Section X.A.1.d., regarding any office shut-down or relocation pertaining to Mr. Manning's position/group, elimination of his position/group, layoff/surplusage, disciplinary action, or specific deficiencies in his job performance.

## XII.

## COSTS OF ADMINISTRATION AND IMPLEMENTATION

## OF CONSENT DECREE

Pacific Bell shall bear all costs associated with its administration and implementation of its obligations under this Consent Decree.

## XIII.

## COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

/ / /

/ / /

/ / /

/ / /

**XIV.**

**MISCELLANEOUS PROVISIONS**

A.      Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012; facsimile number (213) 894-1301.  All notices to Defendant required under this Decree shall be delivered to its counsel of record, Jan E. Eakins, Paul Hastings LLP, 515 South Flower Street, 25th Floor, Los Angeles, CA 90071; facsimile number (213) 627-0705.

B.      The Parties agree to entry of this Decree and judgment subject to final approval by the Court. All parties, through the undersigned, respectfully apply for and consent to this entry of this Consent Decree Order.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Date: _____

By:   Anna Y. Park
     Attorneys for Plaintiff EEOC

PAUL HASTINGS LLP

Date: _____

By:   Jan E. Eakins
     Attorneys for Defendant
     Pacific Bell Telephone Company

PACIFIC BELL TELEPHONE COMPANY

Date: _____

By:   Lisa N. Wally, AVP – Senior Legal Counsel
     Representative of Defendant
     Pacific Bell Telephone Company

14

1          **ORDER**

2          The provisions of the foregoing Consent Decree are hereby approved and compliance with all

3    provisions thereof is HEREBY ORDERED.

4
     IT IS SO ORDERED.
5

6          Dated:    **July 11, 2018**                    **/s/ Lawrence J. O'Neill**
                                                UNITED STATES CHIEF DISTRICT JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15